IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **TENNESSEE GAS PIPELINE COMPANY, L.L.C.,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:17-cv-00272 ) |
| **METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE,** | ) ) ) ) ) |
| Defendant. | ) |

# ORDER

Before the Court are three motions. First, on February 10, 2017, Plaintiff Tennessee Gas Pipeline Company, L.L.C. ("Tennessee Gas") filed a Motion for Preliminary and Permanent Injunctions (the "Injunction Motion"). (ECF No. 6; see also Mem. of Law in Supp. of Mot. for Prelim. and Permanent Injs., ECF No. 7.) Defendant Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro") has not filed a response to the Injunction Motion.

Second, on February 24, 2017, Metro filed a motion to dismiss Tennessee Gas's complaint based on a lack of subject-matter jurisdiction. (The Metro. Gov't's Mot. to Dismiss and Mem. of Law in Supp., ECF No. 12 ("Mot. to Dismiss").) On March 10, 2017, Tennessee Gas filed a response to the Motion to Dismiss.

(Tenn. Gas Pipeline Co., L.L.C.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 13.) On March 17, 2017, Metro filed a reply in support of the Motion to Dismiss. (Reply in Supp. of the Metro. Gov't's Mot. to Dismiss, ECF No. 16.) On April 25, 2017, the Court ordered the parties to file supplemental briefs addressing the jurisdictional arguments in the Motion to Dismiss. (Order, ECF No. 18 ("April 2017 Order").)

Third, on May 1, 2017, Metro filed its supplemental brief. (Def. Metro. Gov't's Suppl. Br. and Mot. to Dismiss as Moot, ECF No. 19 ("Metro Suppl. Br.").) Metro asked the Court to treat the Metro Supplemental Brief as an additional motion to dismiss based on mootness. (Id. at 1.) On May 15, 2017, Tennessee Gas filed a response to the motion-to-dismiss argument in the Metro Supplemental Brief. (Tenn. Gas Pipeline Co., L.L.C.'s Resp. to Def.'s Second Mot. to Dismiss, ECF No. 21 ("Mootness Resp.").) The same day, Tennessee Gas filed a supplemental brief pursuant to the April 2017 Order. (Tenn. Gas Pipeline Co., L.L.C.'s Resp. to Def.'s Supp. Br., ECF No. 20.)

Metro contends that this matter is moot. If moot, it must be dismissed because "[a] federal court 'lacks jurisdiction to consider any case or issue that has lost its character as a present, live controversy and thereby becomes moot.'" Ermold v. Davis, 855 F.3d 715, 718–19 (6th Cir. 2017) (quoting Demis v. Sniezek, 558 F.3d 508, 512 (6th Cir. 2009)). The Verified Com-

2

plaint asserts, inter alia, that the Metro Public Health Department and the Metro Department of Codes and Building Safety have not issued permits necessary for the construction and/or operation of Compressor Station 563. (Verified Compl. ¶¶ 63-74, ECF No. 1 ("Compl.").)[1] Metro represents that a relevant permit package "has already been sent to the EPA for review . . . ." (Metro Suppl. Br. 2; see also Decl. of John Finke ¶¶ 3-4, ECF No. 19-1.)

Tennessee Gas offers several responses to Metro's mootness argument. (See generally Mootness Resp.) Tennessee Gas represents that, as of the date of its Mootness Response, Metro has not issued final permits authorizing construction, as opposed to submitting draft permits to the EPA. (See, e.g., id. at 6 ("Defendant has yet to issue any final air permits to Tennessee Gas. Even assuming EPA provides its approval of the draft air permits, Metro may still refuse to issue the final air permits. Defendant could still enforce the ordinances against Tennessee Gas regarding its application for building permits as long as the final air permits are not issued.") (emphasis Tennessee Gas's).)

Developments in related litigation appear to have resolved some, if not all, of the parties' permit disputes. On the day

---

[1] Compressor Station 563 is a component of Tennessee Gas's Broad Run Expansion Project, a project authorized by the Federal Energy Regulatory Commission. (See, e.g., Compl. ¶ 30.)

3

it filed the Verified Complaint, Tennessee Gas filed an action in the U.S. Court of Appeals for the District of Columbia, challenging Metro's delay in issuing the requested permits for Compressor Station 563. (See generally Pet. for Review Pursuant to Section 19(d)(2) of the Natural Gas Act of Agency's Failure to Act, Tennessee Gas Pipeline Co., L.L.C. v. Paul, Case No. 17-1048 (D.C. Cir. Feb. 10, 2017).) On June 29, 2017, the D.C. Circuit held that the Metro Public Health Department had "failed to timely act on Tennessee Gas's permit application" and granted Tennessee Gas's petition. Tenn. Gas Pipeline Co., LLC v. Paul, No. 17-1048, 2017 WL 2859544, at *2 (D.C. Cir. June 29, 2017). The D.C. Circuit also ordered the parties to submit to the court "a proposed schedule for action on remand." Id.

On July 10, 2017, the parties before the D.C. Circuit filed a joint response. (Joint Resp. of Pet'r and Resps., Tennessee Gas Pipeline Co., L.L.C. v. Paul (D.C. Cir. July 10, 2017).) The parties made the following representations:

> On June 23, 2017, after the Environmental Protection Agency ("EPA") notified the Metro Public Health Department of the Metropolitan Government of Nashville and Davidson County ("Department") that EPA had no objections to the draft proposed permits, the Department issued to [Tennessee Gas] final air construction permits for the construction of the new compressor station in Davidson County, Tennessee, that is the subject of this proceeding. Also on June 23, Tennessee Gas accepted these air construction permits and filed them with the Federal Energy Regulato-

4

> ry Commission ("Commission") in order to obtain its approval to proceed with construction of the new compressor station. Tennessee Gas received authority from the Commission on June 30, 2017, to begin ground-disturbing activities for the new compressor station.
>
> The remaining permit for which Tennessee Gas sought approval in its January 31, 2015, application to the Department is for an air operating permit. The Department has agreed that, following construction of the new compressor station, it will issue Tennessee Gas a final air operating permit promptly upon Tennessee Gas's submission to the Department of test performance data confirming the facility's performance in accordance with the permit limits and upon the facility demonstrating compliance with the requirements of each construction permit. This will satisfy all of the Department's operational concerns.
>
> At the time the Court issued the June 29, 2017 Order, in addition to the pending request to proceed with construction of the new compressor station at the Commission, the parties were engaged in discussions regarding issuance of the air operating permit, and intended to inform the Court of the status of Tennessee Gas's requests for all of the permits upon resolution of those discussions. Prior to receiving the June 29, 2017 Order, the parties anticipated informing the Court of the status on June 30, 2017, and requesting the Court dismiss the case. The Department's issuance of the final air construction permits and its agreement as to the issuance of the final air operating permit resolves Tennessee Gas's claims in this proceeding.

(Id. at 1–2.)

These developments in the D.C. Circuit affect Metro's mootness argument. If no permit disputes remain, Tennessee Gas's

5

responses to that argument depend on events that might, but might not, happen in the future, an important, but not dispositive, issue when analyzing mootness. See, e.g., <u>Witzke v. Brewer</u>, 849 F.3d 338, 342 (6th Cir. 2017) (dismissing appeal as moot where alleged harms were "too speculative to satisfy Article III's case or controversy requirement").

The Court ORDERS the parties to file briefs addressing the status of any permits relevant to the permit-related allegations in the Verified Complaint (i.e., Paragraphs 63–74). The briefs may repeat material provided to the D.C. Circuit, but should provide also any material updates (including an update on the status of the air-operating permit discussed above). They should not contain legal argument. If the parties are able, they should file jointly. If a joint filing is not possible, each party should address (1) agreed facts about the status of relevant permits, (2) Tennessee Gas's views as to areas of factual disagreement, and (3) Metro's views as to areas of factual disagreement. Briefs shall be filed within (14) days of the entry of this Order.

Either party may, if it wishes, file a supplemental brief addressing its positions on the mootness of this action given the present status of the applicable permits. Any supplemental brief shall be no longer than 5 pages and shall be filed within fourteen (14) days of the entry of this Order.

IT IS SO ORDERED this 9th day of August, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE